UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ENVIRONMENTAL INTEGRITY PROJECT, REFINERY REFORM CAMPAIGN, CITIZENS FOR ENVIRONMENTAL JUSTICE, and SUZIE CANALES,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHEN L. JOHNSON, Administrator, United States Environmental Protection Agency<br><br>Defendant. | Civil Action No. 09-88 |

## CONSENT DECREE

WHEREAS, Plaintiffs Environmental Integrity Project, Refinery Reform Campaign, Citizens for Environmental Justice, and Suzie Canales (collectively "Plaintiffs"), filed this action pursuant to section 304(a)(2) of the Clean Air Act ("CAA"), 42 U.S.C. § 7604(a)(2), alleging that Defendant Stephen L. Johnson, Administrator of the United States Environmental Protection Agency ("EPA"), failed to perform a duty mandated by CAA section 505(b)(2), 42 U.S.C. § 7661d(b)(2), to grant or deny, within 60 days, a petition submitted by Plaintiffs requesting that EPA object to a Title V Federal Operating Permit issued by the Texas Commission on Environmental Quality to Citgo Refining and Chemicals Company ("Citgo").

WHEREAS, Plaintiffs and EPA (collectively "the Parties") wish to effectuate a settlement of the above-captioned matter without expensive and protracted litigation.

WHEREAS, the Parties consider this Decree to be an adequate and equitable resolution of the claims in the above-captioned matter.

WHEREAS, the Court, by entering this Decree, finds that the Decree is fair, reasonable, in the public interest, and consistent with the CAA, 42 U.S.C. §§ 7401 et seq.

NOW THEREFORE, before the taking of testimony, without trial or determination of any issue of fact or law, and upon the consent of the Parties, it is hereby ORDERED, ADJUDGED and DECREED that:

1. This Court has subject matter jurisdiction over the claims set forth in the Complaint related to Plaintiffs' administrative petition on the Citgo permit and to order the relief contained in this Decree. Venue is proper in the United States District Court for the District of Columbia.

2. No later than April 30, 2009, EPA shall sign a decision, pursuant to 42 U.S.C. §§ 7661d(b)(2), taking final action on Plaintiffs' CAA Title V petition on the Citgo permit.

3. Within 15 business days following signature of such response(s), EPA shall deliver notice of such action on the Citgo permit to the Office of the Federal Register for prompt publication. Following such delivery to the Office of the Federal Register, EPA shall not take any step (other than as necessary to correct within 10 business days after submission any typographical or other errors in form) to delay or otherwise interfere with publication of such notice in the Federal Register.

4. EPA agrees to pay to Plaintiffs as full settlement of all claims for attorneys' fees, costs, and expenses incurred as of the Effective Date of this Consent Decree the sum of $4,500.00, as soon as reasonably practicable, by electronic funds transfer in accordance with instructions provided to the undersigned defense counsel by counsel for the Plaintiffs. The Effective Date of this Consent Decree is the date of its entry by the court. Nothing in this

paragraph shall be construed as an admission or concession by EPA that Plaintiffs are entitled to or eligible for recovery of any costs or attorneys' fees.

5. Any provision of this Decree may be modified by (a) written stipulation of the Parties with notice to the Court, or (b) by the Court following motion of any party to this Decree, pursuant to the Federal Rules of Civil Procedure, and upon consideration of any response by the non-moving party.

6. Plaintiffs and EPA shall not challenge the terms of this Decree or this Court's jurisdiction to enter and enforce this Decree. Upon entry, no party shall challenge the terms of this Decree.

7. Nothing in this Decree shall be construed to limit or modify any discretion accorded EPA by the CAA or by general principles of administrative law in taking the actions which are the subject of this Decree, including the discretion to alter, amend or revise any responses or final actions contemplated by this Decree. EPA's obligation to perform the actions specified in Paragraph 2-4 by the time specified therein does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

8. Nothing in this decree shall be construed as an admission of any issue of fact or law nor to waive or limit any claim or defense, on any grounds, related to any final action EPA may take with respect to the Title V permit for Citgo.

9. Nothing in this Decree shall be construed to confer upon the district court jurisdiction to review any final decision made by EPA pursuant to this Decree. Nothing in this Decree shall be construed to confer upon the district court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals pursuant to CAA section 307(b)(1) and 505, 42 U.S.C. § 7607(b)(1), 7661d. Nothing in the terms of this Decree

shall be construed to waive any remedies or defenses the Parties may have under CAA Section 307(b)(1), 42 U.S.C. § 7607(b)(1).

10.   The parties recognize and acknowledge that the obligations imposed upon EPA under this Decree can only be undertaken using appropriated funds legally available for such purpose. No provision of this Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law. The possibility exists that circumstances outside the reasonable control of EPA could delay compliance with the deadline established in Paragraph 2. Such situations include, but are not limited to, a government shutdown such as occurred in 1995 and 1996, or catastrophic environmental events requiring immediate and/or time-consuming response by EPA. Should a delay occur due to such circumstances, any resulting failure to meet the deadline set forth herein shall not constitute a failure to comply with the terms of this Consent Decree, and any deadlines occurring within one hundred twenty (120) days of the termination of the delay shall be extended one day for each day of the delay. EPA will provide Plaintiffs with notice as soon as is reasonably possible under the circumstances in the event that EPA invokes this provision of the Consent Decree and will provide Plaintiffs with an explanation of EPA's basis for invoking this provision. Plaintiffs may challenge the invocation of this provision of the Consent Decree under the dispute resolution terms of this Consent Decree.

11.   Any notices required or provided for by this Decree shall be made in writing, via facsimile or other means, and sent to the following:

For Plaintiffs:

Eric Schaeffer

Director, Environmental Integrity Project
1920 L Street, NW Suite 800
Washington, DC 20036
Phone: 202-296-8800
Fax: 202-296-8822
email: eschaeffer@environmentalintegrity.org

For Defendant:

Stephanie Talbert
United States Department of Justice
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
Phone: 202-514-2617
Fax: 202-514-8865
email: Stephanie.Talbert@usdoj.gov

Leslie Darman
U.S. Environmental Protection Agency
Office of General Counsel
ARN: MC-2344A
1200 Pennsylvania Ave., N.W.
Washington, DC 20460
Phone: 202-564-5452
Fax: 202-564-5477
email: darman.leslie@epa.gov

Joshua Olszewski
U.S. Environmental Protection Agency
Office of Regional Counsel
1415 Ross Avenue (6RC-M)
Dallas, TX 75202-2733
Phone: 214-665-2178
Fax: 214-665-2182
email: olszewski.joshua@epa.gov

12. In the event of a dispute between the Parties concerning the interpretation or implementation of any aspect of this Decree, the disputing Party shall provide the other Party with a written notice outlining the nature of the dispute and requesting informal negotiations. If

the Parties cannot reach an agreed-upon resolution within fifteen (15) business days after receipt of the notice, any party may move the Court to resolve the dispute.

13. No motion or other proceeding seeking to enforce this Decree or for contempt of Court shall be properly filed unless the Plaintiff has followed the procedure set forth in Paragraph 12 and provided EPA with written notice received at least five (5) business days before the filing of such motion or proceeding.

14. The Court shall retain jurisdiction to determine and effectuate compliance with this Decree. When EPA's obligations under Paragraphs 2-4 have been completed, the above-captioned matter shall be dismissed with prejudice. The Parties shall file the appropriate notice with the Court so that the Clerk may close the file.

15. The Parties agree and acknowledge that before this Consent Decree can be finalized and entered by the Court, EPA must provide notice in the Federal Register and an opportunity for comment pursuant to CAA section 113(g), 42 U.S.C. § 7413(g). EPA will promptly submit a public notice of this Consent Decree to the Federal Register for publication and public comment after execution of this Agreement by the Parties. After this Consent Decree has undergone an opportunity for notice and comment, the Administrator and the Attorney General, as appropriate, will promptly consider any such written comments in determining whether to withdraw or withhold consent to this Consent Decree, in accordance with section 113(g) of the CAA. If the Administrator or the Attorney General elect not to withdraw or withhold consent to this Consent Decree, the parties will promptly file a motion that requests the Court to enter this Consent Decree.

16. This Consent Decree is the entire agreement between Plaintiffs and EPA in this case. All prior conversations, meetings, discussions, drafts and writings of any kind are specifically superseded by this Consent Decree.

17. It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by Plaintiffs and EPA. Accordingly, the parties hereby agree that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

18. The undersigned representatives of each Party certify that they are fully authorized by the Party they represent to bind that Party to the terms of this Decree.

SO ORDERED on this 16th day of March, 2009.

_____
UNITED STATES DISTRICT JUDGE

SO AGREED:

FOR PLAINTIFFS

_____
ERIC SCHAEFFER
Director, Environmental Integrity Project
1920 L Street, NW Suite 800
Washington, DC 20036
Phone: 202-296-8800
Fax: 202-296-8822
email: eschaeffer@environmentalintegrity.org

DATED: 12/09/08

FOR DEFENDANT

RONALD J. TENPAS
Assistant Attorney General
Env. & Natural Resources Division

_____
STEPHANIE J. TALBERT

7

United States Department of Justice
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
Phone (202) 514-2617
Fax (202) 514-8865
stephanie.talbert@usdoj.gov

DATED: 1/13/09

Of Counsel for Defendant:

Leslie Darman
U.S. Environmental Protection Agency
Office of General Counsel
ARN: MC-2344A
1200 Pennsylvania Ave., N.W.
Washington, DC 20460
Phone: 202-564-5452
Fax: 202-564-5477
darman.leslie@epa.gov

Joshua Olszewski
U.S. Environmental Protection Agency
Office of Regional Counsel
1415 Ross Avenue (6RC-M)
Dallas, TX 75202-2733
Phone: 214-665-2178
Fax: 214-665-2182
olszewski.joshua@epa.gov